Oudham, J., delivered the opinion of the court. Dillard filed his bill in chancery to enjoin a judgment at law obtained against him by Bently, as executor of George Bently, deceased. The gravamen of the charge is, that the note upon which judgment was obtained, had been paid to the testator in his lifetime by the delivery of nails, bale rope and bagging, in value beyond the amount of the note. The bill does not disclose the fact that any defence whatever was made in the suit at law, or that any effort was made to defend, nor is any excuse rendered why defence was not so made. Upon the facts presented by the bill, there is not the semblance of authority which would authorize a court of equity to decree the relief prayed for by the complainant. The defence set up is purely legal and is exclusively cognizable in a court of law, and cannot be heard in a court of equity unless Dillard was ignorant of the facts pending the suit at law, or that they could not be received as a defence, or unless he was prevented from availing himself of their benefit by fraud, accident or the act of the opposite party, unmixed with negligence on his part. The case of Foster vs. Wood, 6 John. Ch. R. 87, was similar to this. The bill charged that the defendant had recovered a judgment at law against the plaintiffs and another, that the latter paid seventy-six dollars in part satisfaction of the judgment, and that in a subsequent suit upon that judgment no credit was given or allowance made for that payment, and prayed an injunction. Chancellor Kent refused the application for an injunction and dismissed the bill, upon the ground that the complainants should have pleaded the payment and given it in evidence in the action at law, and that no excuse was shown for the omission. And so in the case of Andrews vs. Fenter, 1 Ark. R. 186, which was a bill filed for an injunction to enjoin the collection of a judgment at law, upon the ground that the writings obligatory upon which the judgment was obtained, were fully paid by the delivery of oil stones, before the institution of the suit at law. This court, in the opinion delivered by judge Lacy, held that “to authorize a party to be relieved against a judgment at law, it must appear conclusively that the judgnent was obtained by fraud, accident or mistake, unmixed with any negligence or fault on his part. The defendant cannot come into a court of chancery for a new trial or relief, when there is no special ground of surprise, or ignorance of important facts suggested, or where no equitable circumstances have arisen since; the trial, and when he has neglected to defend himself with due. diligence in the proper place.” We may ask, in this case, the questions asked by the court in that; “has the party shown that he was-' taken by surprise? Or has he suggested that he was ignorant of any important fact which has since come to his knowledge, and which •he could not have discovered before, by due diligence? Or has he alleged that the judgment was obtained by fraud? The bill contains no such allegations. The rule as above laid down, by which courts of equity are governed in granting relief against judgments at law, has been recognized in a variety of cases. Dugan vs. Cureton, 1 Ark. R. 31. Lansing vs. Eddy, 1 John. Ch. R. 49. Duncan vs. Lyon, 3 John. C. R. 351. Saunders vs. Jennings, 2 J. J. Marsh. 513. Stark’s adm’r vs. Thompson’s ex’r, 3 Mon. 296. Cummins vs. Bently, 5 Ark. R. 9. Watson vs. Palmer, 5 id. 501. This rule, however, is confined to cases of the same character as; the one before the court, where the defence is purely legal, and is of exclusive common law jurisdiction. But if a court of law and a -court of equity have concurrent jurisdiction over the subject matter, the party may make his election as to the tribunal, which shall determine the controversy, and-cannot be compelled to submit to an adjudication at law when he prefers going into chancery, but if he makes his defence at law, he cannot afterwards resort to chancery;' the court, which first acquires jurisdiction, determines the matter conclusively between the.parties. But if he makes no defence at law, he may ask relief of the chancellor. Harlan vs. Wingate’s adm’r, 2 J. J. Marsh. 138. Saunders vs. Jennings, 2 J. J. Marsh. 513. The defence set up by the bill, being, as before remarked, exclusively cognizable at law and not the subject of concurrent jurisdiction, affords no reason for impeaching the judgment at law, or for depriving the appellant of the benefits thereof. No reason is assigned why Dillard did not make his defence at law. If he had rights, he has slumbered upon them and lost them by his own negligence, and it is contrary to the reason and policy of the law, as well as beyond the power of any tribunal, to restore them to him. The circuit court therefore erred in overruling the appellantVde-murrer to the complainant’s bill, and also in decreeing the injunction perpetual. The decree must therefore be reversed with costs, the cause remanded to the circuit court with instructions that the injunction be dissolved, the bill dismissed for want of jurisdiction, and that the appellant have the full benefit of his judgment.